*85 OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
The People charged defendant with, among other things, unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]) based on his failure to exhibit a driver’s license to the arresting officer who, to investigate various alleged equipment violations, had stopped the vehicle defendant had been driving (see Vehicle and Traffic Law § 507 [2]). At a nonjury trial, defendant produced a Georgia driver’s license and testified that he had shown the license to the officer who had stopped him. On the People’s rebuttal case, the arresting officer adhered to his prior testimony that defendant had failed to exhibit any driver’s license but, upon examining defendant’s license in court, the officer acknowledged that had defendant produced this license at the time of the stop, he would not have charged defendant with the offense. Invoking the presumption that a person who fails to produce a license upon a proper request is unlicensed (see Vehicle and Traffic Law § 507 [2]), the People argued that, to rebut the presumption, defendant bore the burden of proving that his license had not been revoked or suspended on the date of his arrest, which burden defendant had failed to meet. The Criminal Court agreed and convicted defendant of the offense. On appeal, defendant argues that, having produced a license, the facial validity of which, as of the date defendant was charged, was accepted by the arresting officer and the Criminal Court, and not contested by the People, he had rebutted the presumption that he was unlicensed, and to require him further to establish that the license had not been revoked or suspended on the date of his arrest impermissibly shifted the burden of proof. We agree and reverse.
While, pursuant to Vehicle and Traffic Law § 507 (2), the failure by an operator of a motor vehicle to produce a license when required gives rise to a presumption that the operator is unlicensed, this statute does not state an independent offense (People v Vagenas, 21 Misc 3d 135[A], 2008 NY Slip Op 52204[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]). Having produced at trial a driver’s license which was concededly valid on its face and in effect on the date of the alleged offense, defendant rebutted the presumption that he was an unlicensed *86 driver, and it was the prosecution’s burden to establish that the license had been revoked or suspended on the date defendant had been stopped. Whether the license was valid at the relevant time is not a matter of knowledge “peculiar to the defendant” (People v Laietta, 30 NY2d 68, 75 [1972]) as the People have abundant resources to quickly determine the status of a driver’s license. The court’s requirement that defendant establish that his license had not been revoked or suspended on the date of the alleged offense impermissibly shifted the burden of proof.
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Pesce, PJ., Weston and Rios, JJ., concur.